# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**JOHN C. KELLISON,**
**Claimant Below, Petitioner**

**FILED**

June 8, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0701** (BOR Appeal No. 2051095)
(Claim No. 2012016997)


**DUNHAM'S ATHLEISURE CORPORATION,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner John Kellison, by George Zivkovich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Dunham's Athleisure Corporation, by Steven K. Wellman, its attorney, filed a timely response.

The issue on appeal is whether it was appropriate to close the claim for temporary total disability benefits. The claims administrator issued a February 18, 2015, decision granting temporary disability benefits from June 26, 2012, through February 6, 2013. On March 12, 2015, the claims administrator issued a decision closing the claim for temporary total disability benefits. The Office of Judges issued a February 5, 2016, Order that affirmed both the claims administrator's decisions. The Board of Review affirmed the Order on July 7, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Kellison, an assistant manager for Dunham's Athleisure Corporation, injured his left shoulder while at work on November 3, 2011. From April 9, 2012, through April 18, 2012, Mr. Kellison underwent physical therapy at Mountain River Physical Therapy. Mr. Kellison was

treated for complaints of left shoulder tightness but no pain. He reported difficulty lifting heavy objects secondary to weakness. He had a generalized ache in his left upper trapezius region. Mr. Kellison asserted that during manipulation his lower back was severely uncomfortable. Thereafter, his lower back hurt, and he experienced radiating pain into his right lower extremity, which forced him to miss work.

On June 26, 2012, Mr. Kellison was seen at Eddy Chiropractic Clinic for back pain located in the mid to low back area. He was undergoing physical therapy and received bilateral mid back manipulation. Mr. Kellison noted a prior discectomy but no physical injuries. An imaging report showed no fracture or gross osteopatholgy in the thoracic spine. He had moderate apparent myospasm and multiple spinal misalignments. He was negative for recent fracture or gross osteopathology in the lumbar spine. Mr. Kellison had moderate apparent lumbar myospasm, narrowed disc spaces between L4-L5, articular facets which were imbricated at L4-5 and L5-S1, osteoarthritis, mild facet arthropathy of the L4-S1 region, and multiple spinal misalignments.

From June 26, 2012, through December 14, 2012, treatment notes from David Hall, D.C., indicated that Mr. Kellison was being seen with complaints of mid to low back pain resulting from manipulation in physical therapy. Mr. Kellison related that the pain extended into the bilateral hip area, was constant, radiating, and caused stiffness as well as sleep disturbances. He noted a radiating pain down the left leg with numbness. The pain began around April 1, 2012. An MRI performed on August 7, 2012, revealed six lumbar type vertebrae evident with marked disc degenerative changes and a shallow foraminal disc protrusion to the right at L5-L6. Facet osteoarthritis was moderate at L4-L5.

A diagnosis update by Dr. Hall listed the primary diagnosis as a shoulder strain/sprain and the secondary diagnoses were listed as lumbar strain/sprain and a thoracic strain/sprain on November 6, 2012. The notes indicated Mr. Kellison was having therapy for a shoulder injury that he sustained while working on November 3, 2011. During the course of treatment, Mr. Kellison advised that he was given a gross manipulation by the therapist to the thoracic/lumbar region numerous times in a repetitive motion on a particular visit causing injury to those areas. It should be noted that Mr. Kellison had previous back surgery and was asymptomatic until this incident. It was determined through examination that thoracic and lumbar sprain/strain should be added to the claim.

Treatment notes from Abdi Ghodsi, M.D., from January 23, 2013, through February 7, 2013, showed that Mr. Kellison was being seen following referral from Dr. Hall for lower back pain, right leg pain, and left leg pain. He underwent a lumbar discectomy approximately ten years ago and had no lumbar symptoms until the incident in physical therapy. Mr. Kellison described his pain as constant with aching and shooting. The assessment was low back pain, lumbar arthropathy, lumbar degenerative disc disease, lumbar radiculitis, myofascial pain, and pain in the thoracic spine. Dr. Ghodsi opined Mr. Kellison's exam and pathology was not significant enough to warrant surgical intervention. He noted that over time it may progress to the point that surgery may be an option. He recommended a bilateral L5 lumbar transforaminal epidural steroid injection and for Mr. Kellison to be seen in the pain clinic. He noted that if the

pain subsides Mr. Kellison should revisit physical therapy for his low back pain. He prescribed an MRI and the medication.

Treatment notes from PARS Pain Center dated February 6, 2013, stated that Mr. Kellison was being seen with complaints of back and bilateral leg pain. He described the pain as being achy and having a burning quality which radiates from the lower back down to the ankles. He also complained of left foot numbness. The pain was alleviated by ice and rest and was aggravated by standing, walking, and bending over. The plan called for Mr. Kellison to undergo bilateral L5 lumbar transforaminal epidural steroid injections, an MRI, and an x-ray of the thoracic spine.

On August 13, 2013, Dr. Hall was deposed. He stated that he had not yet released Mr. Kellison to return to work and that he requested that lumbar radiculopathy be added to the claim as compensable. On October 16, 2013, Mr. Kellison testified and indicated he injured his mid and low back on April 9, 2012, during a physical therapy session at Mountain River Physical Therapy which was supposed to be for his shoulder. He noted that he began treating with Steven Eddy, D.C., for his back symptoms and underwent an MRI, which was denied by the claims administrator. Correspondence from Dr. Hall indicated Mr. Kellison was treated at their office for work-related injuries on May 28, 2014. He was placed on disability, which was work-related. Treatment notes from PARS Pain Center from June 24, 2014, through September 8, 2014, revealed that Mr. Kellison underwent L5 lumbar transforaminal epidural injections, which reduced his pain. The diagnoses were listed as lumbar radiculitis, sacroilitis, myofascial pain, and low back pain.

On February 18, 2015, the claims administrator granted temporary total disability benefits from June 26, 2012, through February 6, 2013. On March 12, 2015, the claims administrator closed the claim for temporary total disability benefits. A May 18, 2015, MRI revealed no significant change since the August 7, 2012, lumbar MRI exam. There were no new disc herniations or acute findings. The L4-L5 level revealed chronic moderate spondylosis with diffuse disc bulge, mild central canal stenosis and mild bilateral foraminal narrowing. The L3-L4 level revealed chronic mild disc bulge with left posterolateral annular fissure, facet hypertrophy with mild central canal stenosis and mild bilateral foraminal narrowing.

The Office of Judges determined on February 5, 2016, that Mr. Kellison did not show that he continued to be temporarily and totally disabled due to his compensable condition. The Office of Judges noted that the pain clinic diagnosed him with degeneration of lumbar intervertebral disc, lumbosacral radiculopathy, lumbar arthropathy, myofascial pain, and sacroillitis all of which were non-compensable conditions. Because Dr. Hall included lumbar radiculopathy when considering whether Mr. Kellison was still temporarily and totally disabled, the Office of Judges determined his report was not reliable. The Office of Judges found that there was not enough evidence to connect Mr. Kellison's current disability to the compensable sprain. The Office of Judges determined that it was much more likely that his current disability was related to non-compensable conditions. As a result, the Office of Judges found that the claims administrator was not in error for ending temporary total disability benefits. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

After review, we agree with the findings of the Office of Judges as affirmed by the Board of Review. The evidence of record supports the finding that if Mr. Kellison was still temporarily and totally disabled at the time the claims administrator terminated benefits, then it was due to non-compensable conditions. Notes indicate that Mr. Kellison had pain and disability due to lumbar radiculitis, sacroilitis, myofascial pain, and other issues that were not compensable. Because Mr. Kellison failed to show his disability was related to his compensable injury, it was appropriate for the Office of Judges and Board of Review to affirm the claims administrator's decision.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 8, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker